# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

### EPITOMIZED OPINIONS
### Published only in the Abstract

---

No. 193

GLOBE INDEMNITY CO. v. LAKE ERIE L. & S. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5787.　Decided June 26, 1925

Judges Mauck, Sayre & Middleton, 4th Dist., sitting.

851. NOTICE—Where a policy of insurance indemnifies against loss from accident resulting in bodily injury, notice of such accident as required by the terms of the policy, need not be given to the Insurance Company until the insured has learned that bodily injury resulted.

SAYRE, J.

This action was brought by the Lake Erie Lumber and Supply Co. in Cuyahoga Common Pleas against the Indemnity Company upon an insurance policy issued by the latter to the former, insuring the Lumber & Supply Co. against loss from liability imposed by law on account of bodily injuries resulting from ownership, maintenance or use of its three and one-half ton truck. The terms of the policy required insured to make investigation of all accidents and immediately report same to the Indemnity Co.

A collision occurred on Nov. 14, 1917 when the truck came in contact with a street car resulting in injuries to two parties who secured judgments on account of which the Lumber & Supply Company paid large sums of money, which money was sought to be recovered back by the Supply Co.

The Indemnity Company contended that it was not notified of the accident at the time of its occurrence as provided by the terms of the policy. A judgment was rendered in favor of the Lumber & Supply Company in the lower court and error was prosecuted to the Court of Appeals. The Indemnity Co. claims that Common Pleas committed error in refusing to charge the jury in accordance with their special requests, bearing in the main, upon the word "accident" as used in the policy and also as to notice. The Court held:

1. Under the terms of the policy, the word "accident" refers to an unforseen casualty or mishap resulting in bodily injury.

2. The Lumber Co. was not required to no-tify the Indemnity Co. of any accident except where bodily injury resulted.

3. The insured was not bound to notify the Indemnity Co. until it had learned that the accident resulted in bodily injuries. The evidence showed that the manager of Lumber Co. did not know that any person was injured at the time of the accident.

4. The Court below was correct in refusing to charge the jury as specially requested by the Indemnity Co. inasmuch as the special request used the words "accident" and "collision" without defining same as used in the policy.

Judgment affirmed.

Attorneys—McKeehan, Merrick, Arter & Stewart for Indemnity Co.; Tolles, Hogsett, Ginn & Morley for Lumber & Supply Co.; all of Cleveland.